# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JANKOWICZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, *et al.*,<br><br>Defendants. | Case No.  1:23-cv-01385-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Doc. 9 |

Plaintiff Matthew Jankowicz is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).  On September 27, 2023, the magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, for plaintiff's failure to exhaust his administrative remedies prior to filing this action.  Doc. 9.  Specifically, the magistrate judge noted that plaintiff wrote "pending" on his complaint under the section entitled "Administrative Remedies."  *Id.* at 2.  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  *Id.* at 3.  Plaintiff timely filed objections on October 18, 2023.  Doc. 11.  On April 3, 2024, plaintiff filed an additional declaration regarding the findings and recommendations.  Doc. 15.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

In plaintiff's objections, plaintiff notes "I did not know I had to exhaust administrative remedies prior to filing suit, which I have never done in order to submit[] in court, so I 'pray' you can forgive me and move on in this lawsuit with merits." Doc. 11 at 1. He further states that he filed a grievance on September 10, 2023, and that there had been "no reply" as of October 12, 2023. *Id.* at 2. In his April 3, 2024 declaration, plaintiff indicates that his grievance still had not been processed. Doc. 15 ("I still not got back my grievance . . .."). He further states that he is "at the very highest level [of] administrative relief, and is waiting to get [a] reply." *Id.*

Plaintiff's arguments appear to be that he did not know that he needed to exhaust all administrative remedies before bringing suit, that he has filed a grievance and is in the process of exhausting his administrative remedies, and that the prison officials have failed to process the filed grievance in a timely manner. *See* Docs. 11, 15. Alhough plaintiff appears to be in the process of exhausting his administrative remedies, "exhausting available remedies during the course of litigation [does] not comply" with the exhaustion requirement; rather, "a plaintiff must exhaust his administrative remedies *prior* to filing an action." *See Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (emphasis added). "Plaintiff's lack of legal knowledge that he was required to exhaust through all levels of administrative review before filing suit in federal court [is not] an exception" to the requirement that he do so. *Anderson v. Beregovskaya*, Case No. 1:21-cv-01451-SAB (PC), 2021 WL 4479163, at *2 (E.D. Cal. Sept. 30, 2021) (citing *Gurley v. Clark*, 620 F. App'x 671, 673 (10 Cir. 2015).

Administrative exhaustion is measured "at the time the action is filed." *Id.* at 1079. Here, plaintiff alleges he filed his grievance on September 10, 2023. Doc. 11 at 2. He filed this case only twelve days later, on September 22, 2023 (Doc. 1), before exhausting his administrative remedies. Therefore, plaintiff's complaint must be dismissed without prejudice. Plaintiff may bring his claim again in federal court after exhausting his administrative remedies.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on September 27, 2023, Doc. 9, are adopted in full;
2. This action is dismissed, without prejudice, for plaintiff's failure to exhaust administrative remedies prior to filing suit; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: December 2, 2024

UNITED STATES DISTRICT JUDGE

3